405 F.Supp. 733 (1975)
STATE OF MISSOURI ex rel. W. R. KOSTMAN, Commissioner of Finance, Plaintiff,
v.
FIRST NATIONAL BANK IN ST. LOUIS, a National Banking Association, Defendant.
No. 75-113C(1).
United States District Court, E. D. Missouri, E. D.
November 17, 1975.
*734 John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, Mo., William G. Cole, Asst. Atty. Gen., St. Louis, Mo., Irven L. Friedhoff, Gen. Counsel, Div. of Finance, Jefferson City, Mo., for plaintiff.
Robert H. McRoberts, Sr., Robert L. Sweney, C. Perry Bascom, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
MEREDITH, Chief Judge.
This case was tried to the Court on a stipulation of facts and briefs of the parties.

Findings of Fact
1. First National Bank in St. Louis (Bank), is a National Banking Association, having its place of business in the City of St. Louis, Missouri. The Bank also conducts business at two facilities located within the City of St. Louis.
2. W. R. Kostman (Commissioner) is the Commissioner of Finance of the State of Missouri. As such, he is charged with execution and enforcement of the laws of the State of Missouri relating to banks and the banking business.
3. On December 18, 1974, the Bank placed two machines in operation which contain and include a console module, an electronic module, and a depository module, together with a transformer switch and a telephone connection equipment and apparatus. In each machine is a telephone hot line, which is directly connected to the Bank and is manned at the Bank from 8:00 a. m. to 11:00 p. m., Monday through Friday. One of the machines is located inside premises owned by Emerson Electric Company and the general public does not have access to this machine. The other machine is open to the general public. Both machines are located in St. Louis County, Missouri, which is a different county than the City of St. Louis.
4. The machines may affect the following transactions for a customer of the Bank:
a. Procure cash in pre-packaged amounts of $25.00, $50.00, $75.00, and $100.00 by debiting the customer's checking account or savings account, and also by charging against the customer's Master Charge account at the Bank;
b. Deposit funds in the form of instruments or cash to the customer's savings account or checking account;
c. Transfer funds from customer's checking account to customer's savings account or vice versa;
d. Transfer funds to customer's checking account by use of his Master Charge account;
e. Make payment on obligations to the Bank by depositing payment in the form of cash or check or a debit from the customer's savings or checking account.
5. These machines are serviced daily by a Bank employee who removes any documentation, deposits, or payments, and carries them to the Bank. The machines are on line and are hooked directly into the computer at the bank.
6. A bank customer is issued a Bank 24 card, which contains all the numbers of his checking account, savings account, Master Charge account, and personal identification number. This card is used to operate the machines.
7. State charter banks in Missouri are not prohibited from banking by mail, telephone, or telegraph.
8. On December 12, 1974, the Comptroller of Currency of the United States, James E. Smith, issued a ruling which authorized national banks to engage in the use of these machines and stated it would not constitute branch banking.
*735 9. The Bank notified the Comptroller of its intention to place the two machines in operation.
10. This suit was filed originally in the Circuit Court of the City of St. Louis, Missouri, and was removed to this court under the provisions of 28 U.S.C. §§ 1331(a), 1337, and 1441, because the matter in controversy involved an interpretation of the laws of the United States, 12 U.S.C. § 36(f).

Conclusions of Law
1. This Court has jurisdiction under the provisions of 28 U.S.C. §§ 1331(a), 1337, and 1441, because the case involves the interpretation of federal statutes, 12 U.S.C. § 36(f).
2. The state court had jurisdiction of this cause of action for the reason that the Commissioner of Finance is charged with enforcing the state banking laws and seeking a determination as to whether or not these machines constitute branch banking.
3. 12 U.S.C. § 36(c) provides that a national bank may with the approval of the Comptroller of the Currency establish branches at any place in the state, provided state banks are permitted by statute to establish and maintain the same facilities.
4. The plaintiff, the Commissioner of Finance, has standing to enforce the banking laws of the State of Missouri and to prohibit national banks from violating the state laws. First National Bank in St. Louis v. Missouri, 263 U.S. 640, 44 S.Ct. 213, 68 L.Ed. 486 (1924).
5. 12 U.S.C. § 36(f) provides:
"The term `branch' as used in this section shall be held to include any branch bank, branch office, branch agency, additional office, or any branch place of business located in any State or Territory of the United States or in the District of Columbia at which deposits are received, or checks paid, or money lent."
6. Section 362.107, RSMo 1969, provides that a bank may operate two facilities on approval of the Finance Commissioner within the same city, town, village, or unincorporated community in which its banking house is located. By this section, national banks are accorded the same right as state banks, but a bank in Missouri may not operate a facility outside the county in which its principal banking house is located.
7. It was the intent of Congress that national banks should have the same right as state banks in the state in which they operate, but no more rights. First National Bank v. Walker Bank, 385 U.S. 252, 87 S.Ct. 492, 17 L.Ed.2d 343 (1966), and First National Bank v. Dickinson, 396 U.S. 122, 90 S.Ct. 337, 24 L.Ed.2d 312 (1969).
8. This Court is of the opinion that the machines in question constitute branch banks and violate 12 U.S.C. § 36(f) and 362.107, RSMo 1969.
9. The plaintiff in this action is entitled to injunctive relief and defendant will be ordered to cease operation of the machines in question and any similar machines which it may install.